UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERI RENAUD,

    Plaintiff,

v.                                                Case No: 2:17-cv-569-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff Sheri Renaud's Complaint, filed on October 16, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

B.   **Procedural History**

On August 31, 2015, Plaintiff filed an application for disability insurance benefits. (Tr. at 72, 162-63). Plaintiff asserted an onset date of December 30, 2014. (*Id.* at 162). Plaintiff's application was denied initially on October 21, 2015 and on reconsideration on March 3, 2016. (*Id.* at 72, 82). Administrative Law Judge Gregory M. Hamel ("ALJ") held a hearing on November 3, 2016. (*Id.* at 34-62). The ALJ issued an unfavorable decision on January 26, 2017. (*Id.* at 18-29). The ALJ found Plaintiff not to be under a disability from December 30, 2014, through the date of the decision. (*Id.* at 29).

On September 8, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on October 16, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 16).

C.   **Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2020. (Tr. at 20). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 30, 2014, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: ulcerative colitis and Clostridium difficile; cervical and lumbar disc disease; compression fracture of the thoracic spine; fibromyalgia; and obesity. (*Id.* at 21). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id*. at 22).

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), "except that she can only on an occasional basis climb stairs, balance, stoop, [and] kneel. The claimant cannot crouch and crawl and she cannot climb ladders and similar devices." (*Id.* at 23).

The ALJ determined that Plaintiff was capable of performing her past relevant work as an insurance customer service representative because this "work does not require the performance

3

of work-related activities precluded by the claimant's residual functional capacity (20 [C.F.R. §] 404.1565)." (*Id.* at 27).

The ALJ also made alternate step five findings. (*Id.* at 28-29). The ALJ found that there are other jobs that exist in the national economy that Plaintiff is able to perform even if "limited to routine and repetitive tasks only requiring no more than occasional public contact." (*Id.* at 28). Based on Plaintiff's age education, work experience, and residual functional capacity, the vocational expert testified that such an individual would be able to perform the requirements of the following representative light occupations, each of which is unskilled with an SVP 2: (1) housekeeping cleaner; and (2) folder (clothing, garments, laundry); and the following unskilled, sedentary occupations with an SVP of 2: (1) assembler; and (2) document preparer. (*Id.* at 29).

**D.     Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's

decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises three issues. As stated by the parties, they are:

(1) Whether the residual functional capacity ("RFC") assessment accounts for all of Plaintiff's severe impairments and includes all relevant limitations as required by 20 C.F.R. § 404.1454(b)-(e).

(2) Whether the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence, as required by 20 C.F.R. § 404.1529(c).

(3) Whether the ALJ's assignment of little weight to the opinion of treating physician Raynita D'Souza, M.D. is supported by substantial evidence consistent with the requirements of 20 C.F.R. § 404. 1527.

(Doc. 19 at 9, 13, 21). The Court addresses each issue in turn.

### A. Residual Functional Capacity Assessment

Plaintiff asserts that the ALJ determined Plaintiff had multiple severe digestive impairments, including ulcerative colitis and Clostridium difficile ("C. Diff."). (*Id.* at 10). Plaintiff then asserts that by definition, these severe impairments result in work-related limitations. (*Id.*). Plaintiff argues that the ALJ erred when he did not include any specific limitations in Plaintiff's RFC regarding these digestive impairments. (*Id.*).

The Commissioner argues in response that Plaintiff's gastrointestinal symptoms improved and this impairment does not support any additional limitations in Plaintiff's RFC. (*Id.* at 13). In addition, the Commissioner contends that the only evidence of any additional

limitations is from Plaintiff's own subjective statements, which the ALJ did not find entirely consistent with or well supported by the medical evidence of record. (*Id.*; *see also* Tr. at 24).

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

In this case, the ALJ found that Plaintiff has the severe gastric impairments of ulcerative colitis and Clostridium difficile, but did not include any limitations regarding Plaintiff's digestive impairments in the RFC determination. (Tr. at 21, 23). Plaintiff completed a Function Report – Adult on October 4, 2015. (Tr. at 195-202). In this Report, Plaintiff complained, *inter alia*, of stomach pain, diarrhea, pain when bending, and cramping. (*Id.* at 195-96).

On November 2, 2015, Plaintiff presented to James W. Penuel, M.D. complaining of digestive problems including diarrhea and pain in the abdomen. (Tr. at 320). On February 8, 2016, Plaintiff returned to Dr. Penuel for a follow-up visit. (*Id.* at 323). Plaintiff reported that she was "doing extremely well," and Dr. Penuel found that her labs were unremarkable. (*Id.*). On Plaintiff's August 4, 2016 visit to Dr. Penuel, Plaintiff reported that she "remains in

symptomatic remission" while on medication. (*Id.* at 326). Thus, the medical records do not support that Plaintiff has continuing digestive impairments that would cause work limitations.

Further, Plaintiff seems to argue that simply because the ALJ found Plaintiff to have severe digestive impairments, then the ALJ must also find that these severe impairments cause limitations in Plaintiff's RFC, such as excessive off task time at work and absences from work. (Doc. 19 at 10-11). Some courts have found this issue to be grounds for reversal. *See, e.g.*, *Davis v. Comm'r of Soc. Sec.*, No. 6:12-CV-1694-ORL-36, 2013 WL 6182235, at *6 (M.D. Fla. Nov. 25, 2013) (collecting cases). However, the prevailing view appears to be "that an ALJ does not err solely because she finds an impairment 'severe' at step two but does not attribute any limitation to that impairment in assessing the claimant's RFC." *Id.* (collecting cases). Specifically, "an impairment that causes no independent limitations will not affect the RFC assessment" *Id.* at 7 (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). Here, the Court finds that the medical evidence does not support additional limitations caused by Plaintiff's improved digestive condition, but instead shows great improvement of her symptoms to the point that they were in symptomatic remission. (*See id.* at 326).

Accordingly, the Court finds that the ALJ did not err by failing to include additional limitations in Plaintiff's RFC related to her digestive impairments. Further, substantial evidence supports the ALJ's RFC determination.

   **B.   Plaintiff's Subjective Statements**

Plaintiff argues that the ALJ erred in finding Plaintiff's symptoms were not well supported by the medical evidence. (Doc. 19 at 15).

The Commissioner contends that the ALJ properly considered Plaintiff's subjective statements, together with other evidence of record, and determined that Plaintiff's statements

regarding the limiting effects of her alleged symptoms were not entirely consistent with the medical evidence and other evidence of record. (*Id.* at 17-18).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)).

If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (citations omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).[2]

The factors an ALJ may consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3)

---

[2] Effective March 28, 2016, SSR 16-3p superseded SSR 96-7p. *See* SSR 16-3p, 2016 WL 1119029 (March 16, 2016). SSR 16-3p explains that "we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character." *Id.*

8

precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

In the decision – after consideration of the evidence – the ALJ determined:

> [T]he claimant's medically determinable impairments could reasonably be expected to produce the above alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with or well supported by the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. at 24).

The ALJ proceeded to summarize the medical evidence including that Plaintiff was doing "'extremely well'" regarding her digestive issues. (*Id.*). The ALJ also discussed Plaintiff's chronic fatigue and diagnosis of fibromyalgia. (*Id.*). The ALJ noted the physical examination results regarding Plaintiff's cervical and lumbar impairments, including spasms, reduced range of motion, positive results for muscle weakness, and abnormal reflexes in the upper and lower extremities. (*Id.*). By contrast, the ALJ also noted that other testing showed that Plaintiff had 5/5 strength, a full range of motion, small central disc protrusion, mild diffuse disc bulging, no cord impingement, no foraminal stenosis, and no sustained weakness, numbness or tingling in the legs. (*Id.*). The ALJ then reviewed the objective reports that showed, in part, mild chronic compression fracture, mild degenerative disc disease, mild bilateral foraminal stenosis, stable cervical spine, and noted Plaintiff's gait was normal. (*Id.* at 24-25). The ALJ also considered Plaintiff's obesity. (*Id.* at 26).

The ALJ explained his determination as to Plaintiff's subjective statements as follows:

> The claimant's allegations appear to exceed the severity as documented in the record. For instance, there is no evidence of any fall risk. Her headaches resolved and were not a major complaint. In addition, the claimant's memory appears to be intact, as addressed above. Nonetheless, her fatigue and chronic pain will affect

> the amount of weight she can lift and carry, and the spasms affect her ability to perform postural activity. However, her gait is normal and there is no basis to limit her ability to stand or walk. Despite her assertions of significant functional loss, the claimant carries out a modest range of household activity. She does light housework, including some sweeping and dusting, and she makes simple meals. She no longer reads, but she watches television programs. She goes shopping with her husband. On a good day she may do some weeding. She stated that she has given up driving but she continues to do some social activity, including eating out.
>
> The undersigned is mindful that the claimant has experienced symptoms despite treatment and medication. However, there is no indication that the treatment has not been helpful in alleviating symptoms. No single factor mentioned is conclusive on the issue to be determined, but when viewed in combination, and in conjunction with the medical history and examination findings, they suggest that the claimant is not as limited as is alleged.
>
> * * *
>
> In sum, the above residual functional capacity assessment is supported by the objective medical evidence. The claimant is able to perform light housework and is able to shop. The claimant's impairments appear to be moderate in severity and are managed by conservative care. The claimant's impairments affect her ability to work, but any limitations are accounted for by the above residual functional capacity. It is an accurate portrayal of the most the claimant can do on a regular and continuing basis, despite her impairments.

(*Id.* at 26-27).

Here, the Court finds that substantial evidence supports the ALJ's determination regarding Plaintiff's sujective statements. The ALJ considered Plaintiff's daily activities, the nature and intensity of Plaintiff's pain and other symptoms, treatment and other factors when reaching his determination that Plaintiff's subjective statements are not entirely consistent with or well supported by the medical evidence.

Plaintiff argues that the ALJ erred in relying on Plaintiff's daily activities to discount her subjective statements. (Doc. 19 at 15). Case law supports the ALJ's consideration of daily activities in the consideration of subjective complaints. *See Moreno*, 366 F. App'x at 28. Further, in the decision, the ALJ noted that "no single factor" is determinative and, thus, the ALJ

did not rely solely on Plaintiff's daily activities in making his decision. (Tr. at 26). Further, the ALJ noted that Plaintiff performs *modest* household activities, including "*some* sweeping and dusting, and she makes *simple* meals." (*Id.*) (emphasis added). Thus, the ALJ noted that Plaintiff had limitations in performing these household duties. The Court finds that the ALJ did not err in his consideration of Plaintiff's daily activities.

Plaintiff also argues that the ALJ erred in his "selective reliance on" certain examinations where Plaintiff was able to walk, and ignored other examinations where Plaintiff had a reduced range of motion or positive straight leg testing. (Doc. 19 at 16). As shown above, the ALJ considered both the medical reports indicating positive muscle weakness, abnormal reflexes, and a reduced range of motion, and also considered the medical reports that indicate 5/5 strength and a full range of motion. (Tr. at 24).

Lastly, Plaintiff argues that "the ALJ failed to fully consider the limitations imposed by Plaintiff's chronic pain and relied excessively on objective examination findings." (Doc. 19 at 17). Plaintiff claims that because Plaintiff was diagnosed with fibromyalgia, "[a] more thorough examination of Plaintiff's credibility was required in this case." (*Id.*).

The Court acknowledges that fibromyalgia has been treated differently than other diseases by the Eleventh Circuit. Fibromyalgia is a unique disease and "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam*).* In this case, the ALJ considered the entire record, not just the objective medical evidence when evaluating Plaintiff's subjective statements. (Tr. at 24-26). As stated above, the ALJ considered Plaintiff's subjective statements, reviewed the medical evidence of record, and considered other evidence in determining that Plaintiff's statements concerning the intensity, persistence, and limiting effects

of these symptoms is not entirely consistent with or well supported by the evidence of record. (*Id.* at 24).

For the foregoing reasons, the Court finds that the ALJ clearly articulated reasons for his determination as to Plaintiff's subjective statements and these reasons are supported by substantial evidence. The Court further finds that the ALJ did not err in his consideration of Plaintiff's subjective statements.

### C. Weight Afforded Treating Physician's Opinion

Plaintiff argues that the ALJ erred when he assigned limited weight to the opinion of Plaintiff's treating physician Dr. D'Souza. (Doc. 19 at 22). Plaintiff contends that the ALJ erred in not adopting the limitations found by Dr. D'Souza when formulating Plaintiff's RFC. (*Id.* at 23). Plaintiff further argues that Dr. D'Souza's opinion is even more valuable because of Plaintiff's fibromyalgia diagnosis. (*Id* at 23-24).

The Commissioner argues that the ALJ properly weighed Dr. D'Souza's opinion and substantial evidence supports the ALJ's findings. (*Id.* at 24-27).

According to the medical records, Raynita D'Souza, M.D. is one of Plaintiff's treating physicians. (Tr. at 286-88, 439-446). Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of*

*Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In the decision, the ALJ afforded great weight to Dr. D'Souza's opinion that Plaintiff had no psychological restrictions or limitations. (Tr. at 21, 439). In all other respects, the ALJ states the following regarding Dr. D'Souza's opinion:

> Treating physician Raynita D'Souza, M.D., opined that the claimant can sit, stand, and walk for only one hour each, and that she has restrictions in lifting, carrying, using hands and feet, bending, squatting, crawling, climbing and reaching (Ex. 12F). The undersigned assigns this opinion limited weight. It is not well supported in the record, and is vague in that it does not specify the degree of limitation in many cases.

(*Id.* at 26).

In the Joint Memorandum as to this issue, Plaintiff cites to Dr. D'Souza's opinion of May 9, 2016, and not to any of Dr. D'Souza's treatment notes. (Doc. 19 at 21-24). Plaintiff saw Dr. D'Souza on August 17, 2015 and September 28, 2015 for a fever and apparently uncontrolled hypertension. (Tr. at 286-88).

On May 9, 2016, Dr. D'Souza completed a form for Plaintiff. (*Id.* at 439). In this form, Dr. D'Souza diagnosed Plaintiff with cervical radiculopathy and fibromyalgia. (*Id.*). Dr.

13

D'Souza determined that Plaintiff was able to sit, stand, and walk for one (1) hour each in an eight (8) hour workday. (*Id.*). Dr. D'Souza also found that Plaintiff had restrictions in lifting, carrying, use of hands in repetitive actions, use of feet in repetitive movements, bending, squatting, crawling, climbing, and in unspecified "[o]ther." (*Id.*). Dr. D'Souza did not quantify any of these limitations, but simply checked the boxes for them. (*Id.*).

Dr. D'Souza's later treatment notes from September 21, 2016, and October 25, 2016 include Plaintiff's subjective complaints of "cannot walk far distances," "coccyx pain," and "cannot sit for more th[a]n 20mins [sic] at a ptim [sic] without burning pain." (*Id.* at 441-44). However, other than Plaintiff's subjective complaints, these treatment notes do not include any assessment by Dr. D'Souza regarding Plaintiff's limitations that would support the extreme limitations found by Dr. D'Souza in her May 5, 2016 report. (*Compare* Tr. at 441-44, *with* Tr. at 439).

Thus, the Court finds that Dr. D'Souza's opinion in not well-supported by her own treatment notes. Further, the Court finds that even though Dr. D'Souza found Plaintiff had limitations as to walking, standing, and sitting, her opinion does not refer to any treatment notes or documentation to support these severe limitations. (*Id.* at 439). The Court also finds that Dr. D'Souza did not quantify the additional limitations, such as bending, climbing, or crawling, and again did not refer to any treatment notes or documentation to support these limitations. (*Id.*).

The Court acknowledges that courts have held that a lack of objective findings alone is not sufficient to support an ALJ's rejections of a treating physician's findings as to a claimant's functional limitations with regard to fibromyalgia. *See Daniel v. Colvin*, No. 2:12-cv-53-VEH, 2013 WL 5434571, at *4 (N.D. Ala. Sept. 27, 2013) (citing *Somogy v. Comm'r of Soc. Sec.*, 366 Fed. App'x 56, 64 (11th Cir. 2010)). In this case, however, Dr. D'Souza did not support her

14

opinion as to Plaintiff's limitations with references to the medical records.  Further, the ALJ did not discount Dr. D'Souza's opinion based solely on a lack of objective medical findings.  Thus, the Court finds that the ALJ had good cause to discount Dr. D'Souza's opinion based upon its conclusory nature.  *Phillips*, 357 F.3d at 1240.

Plaintiff also argues that the treatment notes of Kenneth Galang, M.D. support Dr. D'Souza's opinion.  (Doc. 19 at 23).  Specifically, Plaintiff states that on her February 4, 2016 visit and subsequent visits to Dr. Galang, she complained of whole body pain, bowel sounds with masses and tenderness in her abdomen, neck rigidity, tingling/numbness in her hands and feet, and absent reflexes.  (*Id.* (citing Tr. at 310, 347-49, 431, 433-36)).

At the February 4, 2016 visit and in subsequent visits, Dr. Galang assessed Plaintiff with, *inter alia*, general pain, muscle soreness, numbness, and tingling, and increased symptoms of chronic fatigue, but Dr. Galang treated Plaintiff conservatively with further evaluations and medications.  (Tr. at 312-313, 347-50, 429-36).  These medical records from Dr. Galang show that Plaintiff reported subjective complaints that support Dr. D'Souza's opinion, but do not offer an opinion from Dr. Galang as to Plaintiff's limitations that would support Dr. D'Souza's opinion.  Thus, the Court finds that substantial evidence supports the ALJ's decision to afford Dr. D'Souza's opinion limited weight because this opinion is not well supported in the record.

For the foregoing reasons, the Court finds that the ALJ did not err in assigning Dr D'Souza's opinion limited weight.  Further, the Court finds that the ALJ's opinion was supported by substantial evidence.

## III.    Conclusion

Upon consideration of the submissions of the parties and the administrative record, the

Court finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 22, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties